# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** SACR 20-00118(A)-CJC |
| **Defendant** AHMED BINYAMIN ALASIRI - AKA KEVIN JAMES | **Social Security No.** 0  2  1  0 (Last 4 digits) |

akas: Wahid, Abdul; Ash-Sahfi'e, As-Sudaani; Nimry, Abu; al-Asiri, Ahmed ibn binyamin; Murshid, Shakyh Shahaab; Ash-Sheena, Abdul-Wahid; Sudani, Ash Shakyh; Abdul-Wahid Sudani, Shahaab Murshid; Shihab, James; Abdul, Wahid; Shahaab, Murshid; James, Shahaab; James, Kelvin Matthew; James, Kevin Lamar

Legal Name: Alasiri, Ahmed Binyamin

Monikers: Lilcrazo; Criminal James; Skel One NTSK

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 03 | 28 | 2022 |

**COUNSEL**: Kelley Munoz, DFPD (Name of Counsel)

**PLEA**: [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE  [ ] NOT GUILTY

**FINDING**: There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of:

Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) as charged in Count 3 of the First Superseding Indictment (FSI).

**JUDGMENT AND PROB/COMM ORDER**: The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that pursuant to the Sentencing Reform Act of 1984, the defendant, AHMED BINYAMIN ALASIRI - AKA KEVIN JAMES, be committed on Count 3 of the First Superseding Indictment (FSI) to the custody of the Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED EIGHTY-EIGHT (188) MONTHS**. The 188-month sentence shall run concurrently with the 24-month sentence impose in case number SACR 05-00214-CJC-1.

The defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline §5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

The Court recommends that the Bureau of Prisons (BOP) conduct a mental and physical health evaluation of the defendant and provide all necessary treatment.

| | | | |
|---|---|---|---|
| USA vs. | AHMED BINYAMIN ALASIRI - AKA KEVIN JAMES | Docket No.: | SACR 20-00118(A)-CJC |

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five (5) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and the Second Amended General Order 20-04.

2. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

3. The defendant shall cooperate in the collection of a DNA sample from the defendant.

4. The defendant shall refrain from any unlawful use of any controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

5. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer.

6. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

7. The defendant shall participate in electronic monitoring, GPS, or automated identification system and shall observe all rules of such program, as directed by the Probation Officer, for the duration of supervised release. The defendant will be eligible to request modification of this condition after 12 months of being on supervised release. The defendant will not be responsible for the associated costs of the program.

8. The defendant shall possess and/or use only those Digital Devices and Internet Accounts that have been disclosed to, and approved by, the United States Probation and Pretrial Services Office upon commencement of supervision. Any changes or additions to Digital Devices or Internet Accounts are to be disclosed to, and approved by, the Probation Officer prior to the first used of the same. Disclosure shall include both usernames and passwords for all Digital Devices and Internet Accounts. Digital Devices include, but are not limited to, personal computers, tablet computers such as iPads, mobile/cellular telephones, personal data assistants, digital storage media, devices or media which provide access to electronic games, devices that can access or can be modified to access the internet, as well as any of their peripheral equipment. Internet Accounts include, but are not limited to, email accounts, cloud storage/services accounts, social media accounts, electronic billboards, or other accounts on the Internet.

9. After the Probation Officer has given defendant approval to use a particular Digital Device or Internet Account, the defendant need not notify the Probation Officer about subsequent use of that particular Digital Device or Internet Account. The defendant shall, however, notify his Probation Officer of any additions to, removals from, or other modifications of the hardware or software on any Digital Device or Internet Account that the defendant causes to occur, within one week of that addition, removal or modification.

10. The defendant shall not use any software program or device designed to hide, alter, or delete information relating to his computer use, Internet activities or the files stored on his assigned computers. This includes the use of encryption, stenography, file erasing, file shredding, secure file deletion, and cache/cookie removal software without prior written approval from the Probation Officer.

11. The defendant shall provide the Probation Officer with all billing records for any service or good relating to any Digital Device or Internet Account, including those for cellular telephone, cable, Internet and satellite services, as requested by the Probation Officer, so that the Probation Officer can verify compliance with these requirements.

12. All cellular/mobile phones, computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search, seizure and computer monitoring. This shall not apply to items used at the employment site that are maintained and monitored by the employer.

13. The defendant shall comply with the rules and regulations of the Computer Monitoring Program and shall not be responsible for the cost of the program.

14. As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns and a signed released authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income, expenses, and liabilities of the offender.

15. The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to search by any Probation Officer or law enforcement officer at any time of the day or night, with or without a search warrant, warrant of arrest, probable cause, or reasonable suspicion.

16. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than his true legal name without the prior written approval of the Probation Officer.

17. The defendant may not associate with anyone known to him to be a Hoover Street (formerly Hoover Crips) gang member and others known to him to be participants in the Hoover Street criminal activities, with the exception of his family members. He may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the Hoover Street gang, and may not display any signs or gestures that defendant knows evidence affiliation with the Hoover Street gang.

18. As directed by the Probation Officer, the defendant shall not be present in any area known to him to be a location where members of the Hoover Street gang meet and/or assemble.

19. The defendant shall not associate with anyone known to him to be a member of Jam'iyyat Ul-Islam Is-Saheeh (JIS) organization and others known to him to be participants in JIS' criminal activities.

The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

On government's motion, all remaining counts are dismissed.

The Court advises the defendant of his right to appeal.

Portions of the transcript of the proceedings are ordered under seal.

| | | | |
|---|---|---|---|
| USA vs. | AHMED BINYAMIN ALASIRI - AKA KEVIN JAMES | Docket No.: | SACR 20-00118(A)-CJC |

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_March 28, 2022_
Date

_[signature]_
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

_March 28, 2022_
Filed Date

By _Rolls Royce Paschal_
Deputy Clerk

USA vs.   AHMED BINYAMIN ALASIRI - AKA KEVIN JAMES   Docket No.:   SACR 20-00118(A)-CJC

| USA vs. | AHMED BINYAMIN ALASIRI - AKA KEVIN JAMES | Docket No.: | SACR 20-00118(A)-CJC |
|---|---|---|---|

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

USA vs.   AHMED BINYAMIN ALASIRI - AKA KEVIN JAMES            Docket No.:   SACR 20-00118(A)-CJC

☐ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to theProbation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.   AHMED BINYAMIN ALASIRI - AKA KEVIN JAMES          Docket No.:   SACR 20-00118(A)-CJC

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
   at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____   By   _____
Date                     Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____   By   _____
Filed Date                Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____                           _____
         Defendant                                 Date

_____                                    _____
U. S. Probation Officer/Designated Witness         Date